## LARRY L. DAIGNEAULT *v.* CONSOLIDATED CONTROLS CORPORATION/EATON CORPORATION ET AL.
### (AC 25750)

McLachlan, Harper and Hennessy, Js.

Argued April 1—officially released June 21, 2005

---

*Larry L. Daigneault*, pro se, the appellant (plaintiff), with whom was *Jose V. Martinez*.

*Robert A. Harris*, pro hac vice, with whom were *Glenn A. Duhl* and, on the brief, *G. Ross Bridgman*, pro hac vice, for the appellees (named defendant et al.).

*Opinion*

PER CURIAM. The plaintiff, Larry L. Daigneault, appeals from the judgment of the trial court granting the defendants'[1] motion to dismiss for lack of jurisdiction the plaintiff's motion for contempt. On appeal, the plaintiff claims that the court improperly concluded that it was without jurisdiction to rule on the motion for contempt. We affirm the judgment of the trial court.

The following procedural history is relevant to our resolution of the plaintiff's appeal. On July 7, 1999, the plaintiff filed a seven count revised complaint against the defendants. Just prior to the commencement of the jury trial, the action was continued so that the parties could pursue private mediation in an attempt to settle their dispute. The mediation resulted in a settlement agreement under which the defendant Consolidated Controls Corporation/Eaton Corporation agreed to pay the plaintiff $38,000 to dispose of all of the plaintiff's

---

[1] Although the plaintiff named as parties to the appeal Consolidated Controls Corporation/Eaton Corporation (Eaton); Richard Recht, Eaton's human resources manager; Richard Delisle, the plaintiff's former supervisor; and Robert Rustigan, a former coworker, on June 11, 2002, the court, *Doherty, J.*, granted in part the defendants' motion for summary judgment, disposing of all claims against Recht and Rustigan. Reference to the defendants is, therefore, to Eaton and Delisle.

claims. On October 29, 2003, after informing the court of the settlement agreement, the plaintiff voluntarily withdrew the action as to all defendants.

On November 19, 2003, the plaintiff filed a pro se appearance in lieu of counsel and a motion to restore the case to the Superior Court docket, stating that he had reconsidered his decision to settle the case. The court, *Mintz, J.*, denied the motion to restore the case to the docket on March 15, 2004. The plaintiff filed a motion for reconsideration on March 25, 2004, which the court, *Richards, J.*, denied on April 5, 2004. The plaintiff then filed a motion to reargue the motion for reconsideration on April 26, 2004, which was denied on May 13, 2004. Thereafter, on June 9, 2004, the plaintiff filed a motion for contempt, alleging improper conduct on the part of the defendants and their counsel. The defendants filed a motion to dismiss the plaintiff's motion for contempt on the ground that the court lacked subject matter jurisdiction, as there was no longer an action pending before the court because the plaintiff voluntarily had withdrawn the action and had not appealed from the court's refusal to restore the action to the docket. The court granted the defendants' motion to dismiss, and this appeal followed.[2]

"The right of a plaintiff to withdraw his action before a hearing on the merits, as allowed by [General Statutes] § 52-80, is absolute and unconditional. Under [the] law, the effect of a withdrawal, so far as the pendency of the action is concerned, is strictly analogous to that presented after the rendition of a final judgment or the erasure of the case from the docket." (Internal quotation marks omitted.) *Sicaras* v. *Hartford*, 44 Conn. App.

---

[2] Although the plaintiff's appeal raised claims concerning the merits of the underlying action, the court's denial of the motion to restore the case to the docket and the dismissal of the motion for contempt, all claims other than those relating to the dismissal of the motion for contempt were stricken by this court as untimely.

771, 775–76, 692 A.2d 1290, cert. denied, 241 Conn. 916, 696 A.2d 340 (1997). "The court unless [the action] is restored to the docket cannot proceed with it further . . . . [I]f the parties should stipulate that despite the withdrawal the case should continue on the docket, or if it should be restored on motion of the plaintiff and the defendant should thereafter expressly or by implication waive any claim of lack of jurisdiction, the court could properly proceed with it." *Lusas* v. *St. Patrick's Roman Catholic Church Corp.*, 123 Conn. 166, 170, 193 A. 204 (1937).

In the present case, the plaintiff's motion to restore the case to the docket was denied, and the plaintiff did not appeal from that decision, as was his right. See *Morelli* v. *Manpower, Inc.*, 226 Conn. 831, 835–36, 628 A.2d 1311 (1993) (denial of motion to open judgment is appealable final judgment). The defendants did not stipulate that the case should continue on the docket, nor did they expressly or by implication waive their claim of lack of jurisdiction. To the contrary, the defendants contested the plaintiff's attempt to restore the case to the docket and raised the issue of jurisdiction immediately on the filing of the plaintiff's motion for contempt. We must conclude, therefore, that the court properly granted the defendants' motion to dismiss for lack of jurisdiction.[3]

The judgment is affirmed.

---

[3] The plaintiff alternatively argues that the motion for contempt was deemed a motion to reargue by Judge Mintz and, therefore, Judge Richards improperly treated the motion as a motion for contempt. Because we conclude, however, that the plaintiff's failure to appeal from the court's denial of the motion to restore the case to the docket deprived the court of jurisdiction, the court's designation of the motion is immaterial.