COMMISSION ON HUMAN RIGHTS AND
OPPORTUNITIES *v.* CITY OF
TORRINGTON ET AL.
(AC 26682)

Schaller, McLachlan and Hennessy, Js.

Argued March 22—officially released July 4, 2006

*Charles Krich*, for the appellant (plaintiff).

*Nicole D. Dorman*, with whom was *Albert G. Vasko*, corporation counsel, for the appellees (defendants).

*Opinion*

McLACHLAN, J. The plaintiff, the commission on human rights and opportunities (commission), appeals from the judgment of the trial court rendered following the granting of the motion of the defendant city of Torrington[1] to dismiss the commission's administrative

---

[1] In its administrative appeal, the plaintiff, appealing from the decision of its human rights referee, properly named itself as a defendant along with the city of Torrington and Holly Blinkoff. In this opinion, the city of Torrington is referred to as the defendant.

appeal on the basis of the doctrine of res judicata. The commission claims that the court improperly dismissed its appeal by (1) giving preclusive effect to a federal court's dismissal "without prejudice" of state law discrimination claims in a federal lawsuit brought by Holly Blinkoff, the plaintiff in that federal lawsuit and the complainant in the underlying commission proceeding, (2) failing to conclude that the federal court lacked jurisdiction to hear those state law discrimination claims and (3) concluding that the commission was in privity with Blinkoff. We agree with the commission's first claim and, accordingly, reverse the judgment of the trial court.

The following factual and procedural background is relevant to our consideration of the commission's claims. On January 20, 1995, Blinkoff filed a complaint with the commission alleging that the defendant and its city planner discriminated against her on the basis of her gender and religion in connection with the operation of her quarry business in Torrington. Prior to the commencement of an evidentiary hearing on Blinkoff's complaint, she filed an eight count complaint in the United States District Court for the District of Connecticut, alleging federal constitutional and state law claims.

Counts one and two of the federal complaint alleged state law discrimination claims pursuant to General Statutes §§ 46a-58, 46a-60 and 46a-64, stating basically the same claims as raised in Blinkoff's complaint before the commission. The commission, through the attorney general, moved to stay its own proceeding because of the federal lawsuit. After the stay was granted, the defendant filed a motion for summary judgment as to all of the counts in the federal complaint. With respect to counts one and two, the defendant claimed that Blinkoff could not pursue the state law discrimination

claims because she failed to obtain a release pursuant to General Statutes § 46a-101.[2] The district court, Underhill, J., denied the motion as to those counts because Blinkoff could obtain the requisite release prior to trial: "The denial is without prejudice should Blinkoff fail to sufficiently demonstrate administrative exhaustion prior to trial." A number of Blinkoff's other claims were disposed of by way of summary judgment. Blinkoff's remaining claims were tried before the jury in April, 2002. On the second day of trial, outside of the presence of the jury, the defendant moved to dismiss counts one and two of the complaint because no release had been obtained. The federal court dismissed those counts "without prejudice."[3]

[2] General Statutes § 46a-101 provides in relevant part: "(a) No action may be brought in accordance with section 46a-100 [civil action in Superior Court] unless the complainant has received a release from the commission in accordance with the provisions of this section. . . .

"(d) Upon granting a release, the commission shall dismiss or otherwise administratively dispose of the discriminatory practice complaint pending with the commission without cost or penalty assessed to any party."

[3] The following colloquy occurred:

"[The Defendant's Counsel]: Yes, Your Honor. There's a couple things that we can take care of, probably, for efficiency. The defendants would ask Your Honor to formally, on the record, dismiss the state law claims. I'm not sure that has been formally done, and we'd ask they be dismissed with prejudice for lack of supplying the necessary rulings.

"The Court: When you say state law claims, obviously there are all kinds of—

"[The Defendant's Counsel]: Not the [count alleging] intentional infliction [of emotional distress].

"The Court: You're talking about count one and count two?

"[The Defendant's Counsel]: Correct.

"The Court: Which was done, I believe was done on the record in chambers.

"[Blinkoff's Counsel]: Yes, Your Honor. Your Honor said they could not proceed unless I had obtained release of jurisdiction, and I've advised the court that we have elected not to seek the release of jurisdiction and to maintain our actions in the [commission]. I think, therefore, they can't be dismissed with prejudice because there is no—they are still pending in the [commission].

"[The Defendant's Counsel]: Well, withdraw and dismiss are not the same.

"The Court: They are dismissed without prejudice."

On April 16, 2002, the jury returned a verdict in favor of the defendant, and the federal court rendered judgment in accordance with that verdict.[4] Blinkoff's appeal to the United States Court of Appeals for the Second Circuit was dismissed on June 18, 2003. On April 1, 2004, the defendant filed a motion to dismiss the matter pending before the commission, claiming that Blinkoff's federal lawsuit barred the proceeding on the basis of res judicata and collateral estoppel. The commission and the defendant filed briefs,[5] and the presiding human rights referee (referee) filed his decision dismissing the case on May 10, 2004. In his decision, the referee found the doctrine of res judicata to be applicable because (1) the state and federal claims in the federal lawsuit and the commission's proceeding were the same and arose from the same occurrences or events, and (2) Blinkoff had an adequate opportunity to litigate her state law discrimination claims along with her federal claims in the federal court. The commission appealed from the decision of the referee to the trial court, claiming that the referee improperly dismissed the discrimination complaint and that the referee's ruling prevented the commission from performing its statutorily mandated responsibilities to the people of the state of Connecticut.

---

[4] The jury answered "no" to the following jury interrogatory: "Has the plaintiff, Holly Blinkoff, proven by a preponderance of the evidence that any or all of the defendants listed below violated [42 U.S.C. §] 1983 by violating Holly Blinkoff's rights to equal protection under the law by treating her differently from other, similarly situated quarry owners because of her sex and/or religion?"

[5] We note that the commission did not raise the issues now on appeal, i.e., the effect of the federal court's dismissal of the state law discrimination claims "without prejudice," the federal court's alleged lack of jurisdiction over those claims and the claimed lack of privity with Blinkoff, in its brief filed with the referee. The commission did raise the issue of privity in its motion for articulation, filed on June 7, 2004, with the human rights referee. The referee responded to the commission's motion for articulation, even though he concluded that the motion actually was a motion for reconsideration that was not timely filed. See General Statutes § 4-181a.

The defendant filed a motion to dismiss the commission's appeal on the basis of the doctrine of res judicata.[6] The court issued its memorandum of decision on June 10, 2005, granting the motion. This appeal followed.

The commission claims that the court improperly gave preclusive effect to the federal court's dismissal of counts one and two of the federal complaint, the state law discrimination claims, because the dismissal was "without prejudice." Specifically, the commission argues that a dismissal without prejudice by a federal court has no res judicata effect on claims pending before the commission's referee. We agree. Because the resolution of that issue is dispositive of the appeal, we do not reach the commission's remaining claims.

Whether the court properly applied the principles of res judicata in the present case is a question of law over which our review is plenary. *Sellers* v. *Work Force One, Inc.*, 92 Conn. App. 683, 685, 886 A.2d 850 (2005). Our Supreme Court has held that res judicata precludes state court relitigation of matters fully litigated in federal court. *Virgo* v. *Lyons*, 209 Conn. 497, 501–502, 551 A.2d 1243 (1988). Federal law dictates whether a federal judgment is to be given claim preclusive effect in a state court. *Semtek International, Inc.* v. *Lockheed Martin Corp.*, 531 U.S. 497, 507, 121 S. Ct. 1021, 149 L. Ed. 2d 32 (2001). "[Although] no federal textual provision addresses the claim-preclusive effect of a federal-court judgment in a federal-question case . . . we have long held that States cannot give those judgments merely whatever effect they would give their own judgments,

---

[6] The commission argued that a motion to dismiss was not the proper procedural vehicle to raise the issue of res judicata. At the hearing on the motion to dismiss, the commission acknowledged that the issues raised in the motion to dismiss were identical to the issues that would arise during a trial. The court elected to proceed with the motion to dismiss, citing Practice Book § 14-7 as authority for deviating from the standard practice. The commission does not challenge that ruling on appeal.

but must accord them the effect that this Court prescribes. . . . [T]his Court . . . has the last word on the claim-preclusive effect of *all* federal judgments . . . ." (Citations omitted; emphasis in original.) Id.

A dismissal without prejudice "terminates litigation and the court's responsibilities, while leaving the door open for some new, future litigation." *Nichols* v. *Prudential Ins. Co. of America*, 406 F.3d 98, 104 (2d Cir. 2005). "It is well established that a dismissal without prejudice has no res judicata effect on a subsequent claim." *Camarano* v. *Irvin*, 98 F.3d 44, 47 (2d Cir. 1996). Federal courts have found it appropriate to dismiss claims without prejudice for the failure to exhaust administrative remedies, "a curable defect that prevent[s] the court from reaching the merits of [the] claim, but ha[s] no res judicata effect . . . ." (Internal quotation marks omitted.) *Snider* v. *Melindez*, 199 F.3d 108, 112 (2d Cir. 1999), quoting *Criales* v. *American Airlines, Inc.*, 105 F.3d 93, 98 (2d Cir.), cert. denied, 522 U.S. 906, 118 S. Ct. 264, 139 L. Ed. 2d 190 (1997).

We conclude that the federal court's dismissal "without prejudice" of counts one and two in the federal complaint, the state law discrimination claims, has no res judicata effect on the proceeding before the commission. That conclusion is supported by the fact that the federal judge made his determination after counsel for Blinkoff indicated that he was not seeking a release pursuant to § 46a-101 because Blinkoff decided to maintain the action before the commission. See footnote 3. Accordingly, the trial court improperly dismissed the appeal on those grounds.

The judgment is reversed and the case is remanded with direction to remand the case to the commission on human rights and opportunities for further proceedings.

In this opinion the other judges concurred.