Larry L. DAIGNEAULT,
Plaintiff–Appellant,

v.

EATON CORPORATION, Pressure
Sensor Division, Defendant–
Appellee,

Douglas C. Mintz, Danbury Superior
Court, Richard Recht, I/O, Richard F.
Delisle, I/O, Robert A. Rustigan, I/O,
Defendants.

No. 05–4891–cv.

United States Court of Appeals,
Second Circuit.

July 24, 2007.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, J.).

Larry L. Daigneault, New Milford, CT, pro se.

Glen A. Duhl, Siegel, O'Connor, O'Donnell, & Beck, P.C., Hartford, CT, for Appellee.

PRESENT: Hon. ROGER J. MINER, Hon. ROBERT D. SACK and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Daigneault, pro se, appeals from a judgment of the United States District Court for the District of Connecticut (Hall, J.), following the district court's dismissal of Daigneault's complaint for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts, procedural history, and specification of appellate issues, which we reference only as necessary to explain our decision to vacate the judgment.

 As a preliminary matter, to the extent Daigneault requests in his brief to this Court that we issue injunctive relief preventing the enforcement of the settlement agreement in his state court action and reinstating his prior state court case, this Court will not do so. First, Daigneault did not seek such relief in his amended complaint before the district court; he only sought damages against the Eaton Corporation ("Eaton") for its alleged improper conduct during prior state court proceedings and in connection with the settlement agreement it had negotiated with Daigneault. This Court will not consider an issue raised for the first time on appeal.[1] See Greene v. United States, 13 F.3d 577, 586 (2d Cir.1994). Second, federal courts lack subject matter jurisdiction over claims that, in effect, challenge state-court judgments. See Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). We also observe that the sort of relief purportedly sought in Daigneault's appellate brief is barred by the statute prohibiting federal courts from enjoining the enforcement of state court judgments. See 28 U.S.C. § 2283 (2000).

 Turning to the claims advanced by Daigneault in his amended complaint and

---

1. We note that Daigneault has another appeal pending before this Court against the State of Connecticut Judicial Branch, Daigneault v. Judicial Branch, No. 07–1704, and we make no comment as to the relief sought in that case.

dismissed by the district court based on the *Rooker–Feldman* doctrine, this Court reviews such dismissals de novo. *See Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 83 (2d Cir.2005). In *Hoblock*, which was issued after the district court's decision in this case, this Court first reexamined *Rooker–Feldman* preclusion in light of the Supreme Court's decision in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), and announced four requirements for the application of the *Rooker–Feldman* doctrine, including that the state court judgment have been rendered before the district court proceedings commenced. *McKithen v. Brown*, 481 F.3d 89, 97 (2d Cir.2007) (citing *Hoblock*, 422 F.3d at 85).

Here Daigneault's amended complaint filed in the district court sought damages against Eaton for its alleged improper conduct during prior state court proceedings, including, inter alia, bargaining in bad faith, coercing Daigneault to sign an illegal settlement agreement, and attempting to enforce the illegal agreement. Prior to filing his federal complaint, Daigneault filed under the docket number of the state court action a motion for contempt against Eaton asserting as bases for the contempt what he soon thereafter alleged in his federal complaint. At the time he filed his federal complaint, however, the Connecticut state court had not ruled on Daigneault's contempt motion. *See Daigneault v. Consol. Controls Corp./Eaton Corp.*, 89 Conn.App. 712, 875 A.2d 46, 47 (2005); *see also* Conn.Super. Ct. Dkt. Sht. No. DBD-CV-99-0334518-S. Because Daigneault's district court complaint did not reassert the underlying claims pleaded in his state court complaint and ostensibly decided in

his prior state court proceedings, and because, when the federal complaint was filed the motion for contempt challenging Eaton's behavior during the state court proceedings had not yet been ruled on by the state court, the requirements for the application of *Rooker–Feldman* were not met. That is, there was no state court judgment determining the issues alleged in the federal complaint rendered before the proceedings in district court were commenced. *McKithen*, 481 F.3d at 97 (citing *Hoblock*, 422 F.3d at 85). Because the only basis for the district court's dismissal of Daigneault's amended complaint was the *Rooker–Feldman* doctrine, the judgment of the district court must be vacated and the case remanded for further consideration, including in the first instance any additional arguments made by the parties as to whether or not the amended complaint should be dismissed. This Court does not address, and expresses no opinion on, the merits of such arguments. *See Lefkowitz v. Bank of New York*, — F.3d. —, —, 2007 WL 1839756, at *5 (2d Cir.2007).

For these reasons, the district court's judgment is **VACATED** and the case is **REMANDED** for further proceedings consistent with this summary order.