Larry L. DAIGNEAULT,
Plaintiff–Appellant,

v.

JUDICIAL BRANCH, CONNECTICUT,
State of, Defendant–Appellee.

No. 07–1704–cv.

United States Court of Appeals,
Second Circuit.

Feb. 17, 2009.

Larry L. Daigneault, pro se.

Robert D. Snook, Assistant Attorney General (Richard Blumenthal, Attorney General of Connecticut, on the brief), State of Connecticut Attorney General's Office, Hartford, CT, for Appellee.

PRESENT: JOSÉ A. CABRANES, RICHARD C. WESLEY, Circuit Judges, and EDWARD R. KORMAN,* District Judge.

District of New York, sitting by designation.

## SUMMARY ORDER

Plaintiff–Appellant Larry L. Daigneault, proceeding *pro se*, appeals a March 26, 2007 judgment of the District Court dismissing for lack of subject matter jurisdiction, *see* FED. R. CIV. 12(b)(1), his *pro se* 42 U.S.C. § 1983 action against the State of Connecticut Judicial Branch and each judge "of the [Connecticut] Superior, Appellate, and Supreme Courts" in his or her "official capacity." *See Daigneault v. Judicial Branch*, 3–07–cv–122 (JCH), slip op. at 1, 2007 WL 869028 (D.Conn. March 19, 2007) (order dismissing plaintiff's claims) (quoting Amended Complaint); *Id.* (D.Conn. March 26, 2007) (judgment). Plaintiff's suit stems from his contention that several Connecticut judges committed various violations of his rights under the Constitution and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, in dismissing an employment discrimination action plaintiff maintained against his former employer in Connecticut Superior Court. *See Daigneault v. Consilidated Controls Corp./Eaton Corp.*, 89 Conn.App. 712, 875 A.2d 46 (2005) (affirming the Superior Court's dismissal of plaintiff's state-court claims). The District Court found that plaintiff's claims against were barred by sovereign immunity, the *Rooker–Feldman* doctrine, and judicial immunity.

On appeal, plaintiff argues that the District Court erred in dismissing his action because (1) the Eleventh Amendment does not confer sovereign immunity to states and, in any event, does not bar his claims in this case, (2) the Connecticut appellate court waived judicial immunity by improperly determining an issue of fact, (3) the *Rooker–Feldman* doctrine does not bar his challenge to the state court's dismissal of his employment discrimination action, and (4) his former employer's alleged fraud created federal jurisdiction.[2] Plaintiff also appeals an April 13, 2007 order of the District Court denying his motion for reconsideration of the Court's March 19, 2007 order dismissing his action. We assume the parties' familiarity with the facts and procedural history of the case.

After full consideration of plaintiff's arguments, we find them to be without merit. We hold that the District Court correctly found that plaintiffs claims were barred by sovereign immunity, *see, e.g., Edelman v. Jordan*, 415 U.S. 651, 663–64, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) (observing that the Eleventh Amendment bars suits against a non-consenting state in federal court brought by a state's own citizens or citizens of another state), the *Rooker–Feldman* doctrine, *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) (noting that the *Rooker–Feldman* doctrine prevents a party who loses in state court from "calling upon the District Court to overturn and injurious state-court judgment"), and judicial immunity, *see, e.g., Dennis v. Sparks*, 449 U.S. 24, 27, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980) (holding that judges have absolute immunity from suit, even where a plaintiff claims that they have conspired to corrupt their office). We also hold that the District Court did not err in denying plaintiff's motion for reconsideration.

Accordingly, the March 26, 2007 judgment of the District Court is AFFIRMED.

---

**2.** We construe plaintiff's *pro se* brief liberally. *See, e.g., Bertin v. United States*, 478 F.3d 489, 491 (2d Cir.2007).