*519 SUMMARY ORDER
Plaintiff-Appellant Larry L. Daigneault, proceeding pro se, appeals a March 26, 2007 judgment of the District Court dismissing for lack of subject matter jurisdiction, see Fed. R. Civ. 12(b)(1), his pro se 42 U.S.C. § 1983 action against the State of Connecticut Judicial Branch and each judge “of the [Connecticut] Superior, Appellate, and Supreme Courts” in his or her “official capacity.” See Daigneault v. Judicial Branch, 3-07-cv-122 (JCH), slip op. at 1, 2007 WL 869028 (D.Conn. March 19, 2007) (order dismissing plaintiffs claims) (quoting Amended Complaint); Id. (D.Conn. March 26, 2007) (judgment). Plaintiffs suit stems from his contention that several Connecticut judges committed various violations of his rights under the Constitution and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., in dismissing an employment discrimination action plaintiff maintained against his former employer in Connecticut Superior Court. See Daigneault v. Consilidated Controls Corp./Eaton Corp., 89 Conn.App. 712, 875 A.2d 46 (2005) (affirming the Superior Court’s dismissal of plaintiffs state-court claims). The District Court found that plaintiffs claims against were barred by sovereign immunity, the Rooker-Feldman doctrine, and judicial immunity.
On appeal, plaintiff argues that the District Court erred in dismissing his action because (1) the Eleventh Amendment does not confer sovereign immunity to states and, in any event, does not bar his claims in this case, (2) the Connecticut appellate court waived judicial immunity by improperly determining an issue of fact, (3) the Rooker-Feldman doctrine does not bar his challenge to the state court’s dismissal of his employment discrimination action, and (4) his former employer’s alleged fraud created federal jurisdiction.[2] Plaintiff also appeals an April 13, 2007 order of the District Court denying his motion for reconsideration of the Court’s March 19, 2007 order dismissing his action. We assume the parties’ familiarity with the facts and procedural history of the case.
After full consideration of plaintiffs arguments, we find them to be without merit. We hold that the District Court correctly found that plaintiffs claims were barred by sovereign immunity, see, e.g., Edelman v. Jordan, 415 U.S. 651, 663-64, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) (observing that the Eleventh Amendment bars suits against a non-consenting state in federal court brought by a state’s own citizens or citizens of another state), the Rooker-Feldman doctrine, see Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291-92, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) (noting that the Rook-er-Feldman doctrine prevents a party who loses in state court from “calling upon the District Court to overturn and injurious state-court judgment”), and judicial immunity, see, e.g., Dennis v. Sparks, 449 U.S. 24, 27, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980) (holding that judges have absolute immunity from suit, even where a plaintiff claims that they have conspired to corrupt their office). We also hold that the District Court did not err in denying plaintiffs motion for reconsideration.
Accordingly, the March 26, 2007 judgment of the District Court is AFFIRMED.

. We construe plaintiff’s pro se brief liberally. See, e.g., Bertin v. United States, 478 F.3d 489, 491 (2d Cir.2007).