******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CHARLES TYSON III *v.* COMMISSIONER
OF CORRECTION
(AC 36258)

Lavine, Sheldon and Keller, Js.

*Argued December 5, 2014—officially released January 20, 2015*

(Appeal from Superior Court, judicial district of
Tolland, Kwak, J.)

*Arthur L. Ledford*, assigned counsel, for the appellant (petitioner).

*Mitchell S. Brody*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *David Clifton*, assistant state's attorney, for the appellee (respondent).

*Opinion*

LAVINE, J. The petitioner, Charles Tyson III, appeals from the judgment of the habeas court dismissing his amended third petition for a writ of habeas corpus for lack of subject matter jurisdiction. On appeal, the petitioner claims that the habeas court improperly granted the motion to dismiss filed by the respondent, the Commissioner of Correction. We lack subject matter jurisdiction to consider a portion of the petitioner's claim and therefore dismiss it. We affirm the remainder of the judgment of the habeas court.

The following facts are relevant to this appeal. On October 24, 1991, James Tyson was bludgeoned in a parking lot in New Haven, and he died several days later. *State* v. *Tyson*, 43 Conn. App. 61, 62–64, 682 A.2d 536, cert. denied, 239 Conn. 933, 683 A.2d 401 (1996). At about the time of the bludgeoning, the petitioner was seen exiting the parking lot carrying a metal pipe, which he later used to assault an investigating police officer. Id., 63–64. The petitioner was arrested and charged with numerous crimes. A jury found him guilty of murder in violation of General Statutes § 53a-54a, felony murder in violation of General Statutes § 53a-54c, attempt to commit robbery in the first degree in violation of General Statutes §§ 53-49 and 53a-134, and assault on a peace officer in violation of General Statutes § 53a-167c. Id., 62. The petitioner was given a total effective sentence of sixty-five years in the custody of the respondent. See id., 69–70. Our Supreme Court denied the petitioner's petition for certification to appeal. *State* v. *Tyson*, 239 Conn. 933, 683 A.2d 401 (1996).

The present appeal concerns the petitioner's amended third petition for a writ of habeas corpus (third petition). In his third petition, the petitioner alleged, in part, that in October, 1998, he filed an amended petition for a writ of habeas corpus (first petition) in which he alleged that his trial counsel, Erskine McIntosh, rendered ineffective assistance. Specifically, he alleged that McIntosh failed to cross-examine certain witnesses effectively, to object to prejudicial evidence, to object to prosecutorial impropriety, and to investigate and interview material witnesses. Attorney Raymond Rigat represented the petitioner in the first habeas proceeding. The first petition was dismissed, and the petitioner appealed to this court, which affirmed the judgment of the habeas court. *Tyson* v. *Commissioner of Correction*, 64 Conn. App. 905, 777 A.2d 758 (2001). Attorney James M. Fox represented the petitioner on appeal, but he did not file a petition for certification to appeal this court's judgment to our Supreme Court.

The third petition further alleged that in April, 2009, the petitioner filed an amended second petition for a writ of habeas corpus (second petition) in which he

alleged, in part, that Rigat rendered ineffective assistance of habeas counsel due to his failure to demonstrate that McIntosh rendered ineffective assistance at trial by failing to present expert medical testimony. Attorney W. Theodore Koch III represented the petitioner in the second habeas proceeding. One count of the second petition was dismissed, and the remaining three counts were denied. Koch failed to apply for the appointment of counsel and waiver of fees to appeal and failed to file a petition for certification to appeal to this court.

In June, 2013, the petitioner filed the third petition in which he alleged that Koch rendered ineffective assistance of counsel. Specifically, he alleged in paragraph 6 (a) that Koch rendered ineffective assistance by failing to allege that Fox rendered ineffective assistance of counsel by failing to file a petition for certification to appeal to our Supreme Court from this court's judgment on the first petition. In paragraph 6 (b) of the third petition, the petitioner alleged that Koch's assistance was ineffective for his failure to file an application for the appointment of counsel and waiver of fees on appeal and a petition for certification to appeal to this court from the habeas court's judgment dismissing in part and denying in part the second petition.

In response to the third petition, the respondent asserted the defense of abuse of the writ because the "underlying claim regarding failure to seek certification to appeal to [our] Supreme Court on his direct appeal was available in *both* prior petitions." (Emphasis in original.) The petitioner denied that he had abused the writ, relying on *Iovieno* v. *Commissioner of Correction*, 242 Conn. 689, 702–703, 699 A.2d 1003 (1997).

On October 17, 2013, the respondent filed a motion to dismiss the third petition pursuant to *Janulawicz* v. *Commissioner of Correction*, 310 Conn. 265, 77 A.3d 113 (2013). In *Janulawicz*, our Supreme Court held that an ineffective assistance of counsel claim for failure to file a petition for certification to appeal to that court was not ripe for adjudication because such a claim of ineffective assistance of counsel "is contingent on [the court's] denial of his motion to file a late petition for certification to appeal, an event that may never occur, thereby obviating any need for a resolution of the issues presented in this appeal." Id., 275. Until our Supreme Court has denied Janulawicz' motion to file late a petition for certification to appeal, if any, he will have suffered no prejudice, and his petition for a writ of habeas corpus grounded on ineffective assistance of counsel will not be ripe for adjudication.[1] Id. In the subject motion to dismiss, the respondent argued that the habeas court lacked subject matter jurisdiction over the allegations in paragraphs 6 (a) and (b) of the third petition because said allegations were not yet ripe for adjudication because the petitioner had suffered no

prejudice due to the denial of his motions or petitions to file late appeals. See footnote 1 of this opinion.

The parties appeared before the habeas court on November 4, 2013, to commence trial on the third petition. As a preliminary matter, the court addressed the respondent's motion to dismiss. Counsel for the petitioner agreed that *Janulawicz* controlled the allegation in paragraph 6 (a) and withdrew it. The court stated: "6 (a) is withdrawn." With respect to the allegations in paragraph 6 (b), the petitioner's counsel argued that due to procedural differences noted in footnote 10 of *Janulawicz*, that case was not applicable. See *Janulawicz* v. *Commissioner of Correction*, supra, 310 Conn. 274 n.10.

Counsel for the respondent objected to the withdrawal of the allegations in paragraph 6 (a), stating that the parties were in court to start trial. He, however, agreed that footnote 10 of *Janulawicz* identified procedural differences regarding the manner in which our Supreme Court considers motions for permission to file late a petition for certification to appeal and this court considers motions for permission to file late an appeal.[2] Despite the procedural distinctions, the respondent's counsel argued that the legal analysis as to the habeas court's subject matter jurisdiction over the allegations in paragraphs 6 (a) and (b) of the third petition was similar and that the habeas court lacked jurisdiction as the allegations were not ripe for adjudication.

The habeas court acknowledged the procedural distinctions with respect to the filing of late appeals in our appellate courts, but concluded that the legal analysis with respect to the habeas court's subject matter jurisdiction over the allegations in paragraphs 6 (a) and (b) was the same. Counsel for the petitioner asserted that the allegation in paragraph 6 (b) was controlled by *Iovieno* v. *Commissioner of Correction*, supra, 242 Conn. 689. The habeas court disagreed, and, despite counsel's representation that the allegation in paragraph 6 (a) was withdrawn, the court dismissed paragraphs 6 (a) and (b) of the third petition pursuant to *Janulawicz*. The court advised the petitioner that he could seek permission to file late appeals in the Appellate or Supreme Courts as appropriate. Thereafter, the habeas court granted the petitioner's petition for certification to appeal to this court from the judgment of dismissal.

On appeal, the petitioner claims that the court improperly dismissed his third petition because (1) he withdrew the allegation in paragraph 6 (a) before it was tried on its merits and (2) *Janulawicz* is inapplicable to paragraph 6 (b). We conclude that (1) we lack subject matter jurisdiction to consider the petitioner's claim with regard to the allegation in paragraph 6 (a) for lack of aggrievement and (2) the habeas court properly dismissed the allegation in paragraph 6 (b), which was

not ripe for adjudication.

We begin by setting forth the applicable standard of review. "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . In undertaking this review, we are mindful of the well established notion that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Citations omitted; internal quotation marks omitted.) *Dayner* v. *Archdiocese of Hartford*, 301 Conn. 759, 774, 23 A.3d 1192 (2011).

To prevail on a claim of ineffective assistance of counsel, a petitioner must allege and prove the two part test established in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "According to *Strickland*, [a] claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong. To satisfy the performance prong . . . the petitioner must demonstrate that his attorney's representation was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in criminal law. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . The claim will succeed only if both prongs are satisfied." (Internal quotation marks omitted.) *Sargent* v. *Commissioner of Correction*, 121 Conn. App. 725, 738, 997 A.2d 609, cert. denied, 298 Conn. 903, 3 A.3d 71 (2010).

I

The petitioner claims that the habeas court improperly dismissed the allegation in paragraph 6 (a) of the third petition in violation of General Statutes § 52-80, because his counsel withdrew it prior to a hearing on the merits. See *Travelers Property Casualty Co. of America* v. *Twine*, 120 Conn. App. 823, 826–28, 993 A.2d 470 (2010); *Daigneault* v. *Consolidated Controls Corp./Eaton Corp.*, 89 Conn. App. 712, 714–15, 875 A.2d 46, cert. denied, 276 Conn. 913, 888 A.2d 83 (2005), cert. denied, 546 U.S. 1217, 126 S. Ct. 1434, 164 L. Ed. 2d 137 (2006). The respondent counters that this court lacks

subject matter jurisdiction to consider the claim, as the petitioner is not aggrieved by the judgment of dismissal. We agree with the respondent.

General Statutes § 52-263 provides in relevant part that "[u]pon the trial of all matters of fact . . . if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial . . . [that party] may appeal to the court having jurisdiction from the final judgment of the court or of such judge . . . ." Whenever a jurisdictional question is raised, the court must resolve it before it may proceed further with an appeal. See *Johnson* v. *Commissioner of Correction*, 258 Conn. 804, 813, 786 A.2d 1091 (2002). Before an appellate tribunal may consider an appeal, it must determine whether the appellant is an aggrieved party with standing to maintain an appeal. See *State* v. *Long*, 268 Conn. 508, 530–31, 847 A.2d 862, cert. denied, 543 U.S. 969, 125 S. Ct. 424, 160 L. Ed. 2d 340 (2004). "We traditionally have applied the following two part test to determine whether aggrievement exists: (1) does the allegedly aggrieved party have a specific, personal and legal interest in the subject matter of a decision; and (2) has this interest been specially and injuriously affected by the decision." (Internal quotation marks omitted.) *Nanni* v. *Dino Corp.*, 117 Conn. App. 61, 70, 978 A.2d 531 (2009).

This case requires us to determine the effect of the habeas court's ruling dismissing the allegation in paragraph 6 (a) of the third petition. In paragraph 6 (a), the petitioner alleged that "Koch failed to claim and show ineffective assistance of Petitioner's habeas appellate counsel . . . Fox for his failure to file the Petition for Certification to Appeal to the Supreme Court from the Appellate Court's *Per Curiam* decision dismissing Petitioner's Appeal from Judge Corrigan's decision relative to Petitioner's first petition."

The petitioner concedes that he has not filed a motion for permission to file late a petition for certification to appeal or a petition for certification to appeal. He also concedes that the claim alleged in paragraph 6 (a) is hypothetical and is not justiciable under *Janulawicz* because the claim is not ripe. His claim on appeal is that the habeas court improperly dismissed the allegation in paragraph 6 (a) after he withdrew it, but he does not contend that the habeas court dismissed paragraph 6 (a) with prejudice. "A dismissal without prejudice terminates litigation and the court's responsibilities, while leaving the door open for some new, future litigation. . . . It is well established that a dismissal without prejudice has no res judicata effect on a subsequent claim." (Citation omitted; internal quotation marks omitted.) *Commission on Human Rights & Opportunities* v. *Torrington*, 96 Conn. App. 313, 319, 901 A.2d 46, cert. denied, 280 Conn. 929, 909 A.2d 957 (2006). The petitioner has suffered no harm due to the dismissal of the

allegation in paragraph 6 (a); he is free to file a motion for permission to file late a petition for certification to appeal, if he so desires. He, therefore, is not aggrieved by the judgment of the habeas court, and we lack subject matter jurisdiction to consider his claim with respect to the allegation in paragraph 6 (a) of the third petition.[3]

II

The petitioner also claims that the habeas court improperly dismissed paragraph 6 (b) of his third petition pursuant to *Janulawicz*. We agree with the petitioner that the court's reliance on *Janulawicz* was improper, but conclude that the court properly dismissed the allegation in paragraph 6 (b) as it was not ripe for adjudication by the habeas court.[4]

Paragraph 6 (b) of the third petition alleged that "Koch failed to cause Petitioner to file Petitioner's Application for Appointment of Counsel and Waiver of Fees on Appeal, and Petitioner's Petition for Certification to Appeal to the Appellate Court relative to dismissal of Petitioner's second petition on August 9, 2009 . . . ." The petitioner does not dispute that he has not yet filed an application for the appointment of counsel and waiver of fees on appeal or a petition for certification to appeal in the habeas court.

The habeas court granted the respondent's motion to dismiss the allegation in paragraph 6 (b) pursuant to *Janulawicz*. On appeal, the petitioner argues that our Supreme Court did not intend for *Janulawicz* to apply to motions for permission to file late a brief in this court. Although we agree that *Janulawicz* does not apply to the facts of this case, we disagree that the allegation in paragraph 6 (b) is ripe for adjudication in the habeas court. A petition for certification to appeal from the judgment of the habeas court is filed in the habeas court. See General Statutes § 52-470 (g).[5] The petitioner's failure to comply with the ten day limitation period of § 52-470 (g) does not necessarily deprive him of the right to file an untimely appeal. The decision to grant or deny a motion for permission to file late a petition for certification to appeal is left to the sound discretion of the habeas court. See *Iovieno* v. *Commissioner of Correction*, supra, 242 Conn. 700. "In exercising that discretion, a habeas court should take into account the reasons for the delay." Id.

A petitioner presenting a petition for a writ of habeas corpus due to the ineffective assistance of counsel must allege and prove both deficient performance of counsel and resulting harm or prejudice. See *Strickland* v. *Washington*, supra, 466 U.S. 687. Until the petitioner files a motion for permission to file late a petition for certification to appeal with our Supreme Court as to the allegation in paragraph 6 (a) or a motion for permission to file late a petition for certification to appeal

with the habeas court as to the allegation in paragraph 6 (b) of the third petition and the motions are denied, the petitioner has suffered no prejudice. Until at least one motion for permission to file late is denied, the petitioner cannot allege a viable petition for a writ of habeas corpus on the ground of ineffective assistance of counsel with respect to Koch.

The appeal is dismissed as to the petitioner's claim with respect to the allegation in paragraph 6 (a) of the third petition for a writ of habeas corpus; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (petitioner who alleges ineffective assistance of counsel must demonstrate both deficient performance and prejudice).

[2] Footnote 10 in *Janulawicz* is not relevant to the petitioner's claim on appeal, and we, therefore, need not address it.

[3] To date, the petitioner has suffered no harm due to Fox' failure to file a petition for certification to appeal. His injury, if any, is contingent on his filing and our Supreme Court's denying a motion for permission to file late a petition for certification to appeal. See *Janulawicz* v. *Commissioner of Correction*, supra, 310 Conn. 271–72. If the petitioner files such a motion and our Supreme Court grants it, the petitioner will have suffered no harm. Id., 272; see footnote 1 of this opinion.

[4] "That the court relied on a wrong theory does not render the judgment erroneous. We can sustain a right decision although it may have been placed on a wrong ground." *Stapleton* v. *Lombardo*, 151 Conn. 414, 417, 198 A.2d 697 (1964).

[5] General Statutes § 52-470 (g) provides in relevant part: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried . . . to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."