STATE OF CONNECTICUT *v.* THEODORE N. LENCZYK
(4608)
(4609)

HULL, BORDEN and SPALLONE, Js.
Argued April 8—decision released June 9, 1987

*Richard R. Brown,* with whom was *Steven W. Varney,* for the appellant (defendant).

*Michael O'Hare,* assistant state's attorney, with whom, on the brief, was *Raymond Wiezalis,* former assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant was arrested and charged with a series of offenses relating to the possession of controlled substances. On October 8, 1985, the state announced in open court that it was entering a nolle on all counts. Upon this announcement, the defendant moved to dismiss some of the counts. The court denied the motion, and the defendant has appealed, claiming a violation of his rights under General Statutes §§ 54-56 and 54-56b.

Because more than thirteen months have passed since the nolles were entered, the erasure provisions of General Statutes § 54-142a apply to this case. This statute requires that all criminal records of a nolled charge be erased after thirteen months from the entry of the nolle. General Statutes § 54-142a (c). The statute also prohibits the court clerk or any other person controlling the records from disclosing any information regarding the erased charge. General Statutes § 54-142a (e). The statute further provides that: "Any person who shall have been the subject of such erasure shall be deemed to have never been arrested within the meaning of the general statutes with respect to the proceedings so erased and may so swear under oath." Id. General Statutes § 54-142a therefore prevents the state from reactivating the nolled charges in this case and places the defendant in essentially the same position as he would be in had the court granted his motion to dismiss.[1] In light of the present posture of this case,

---

[1] The defendant did not seek in the trial court to have the charges dismissed with prejudice. Had the defendant sought and the court granted such relief, the state would be precluded from prosecuting the defendant for the same offense or offenses. Practice Book § 819. The granting of a

it would be academic for us to decide whether the trial court erred in refusing to grant the motion to dismiss.

"It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." *State* v. *Macri,* 189 Conn. 568, 569, 456 A.2d 1203 (1983). Where the question presented is purely academic, we must refuse to entertain the appeal. *Connecticut Foundry Co.* v. *International Ladies Garment Workers Union,* 177 Conn. 17, 19, 411 A.2d 1 (1979).

The appeal is dismissed.

motion to dismiss without prejudice, however, does not preclude the state from charging the defendant in a new information with the same offenses within the applicable statute of limitations. Id. Under the present posture of this case, the defendant is essentially in the same position as he would be in had the court dismissed the charges without prejudice. See Practice Book § 727.