## STATE OF CONNECTICUT *v.* KEIR JOHNSON
### (SC 18703)

Rogers, C. J., and Norcott, Palmer, Zarella, McLachlan, Eveleigh and Vertefeuille, Js.

argument in the context of Flavio's claim regarding good cause pursuant to Practice Book § 38-23.

632

Argued March 23—officially released July 19, 2011

*Michele C. Lukban*, senior assistant state's attorney, with whom, on the brief, were *Michael L. Regan*, state's attorney, and *Mary Jean Kanabis*, senior assistant state's attorney, for the appellant (state).

*Alice Osedach*, assistant public defender, for the appellee (defendant).

*Opinion*

ROGERS, C. J. The primary issues raised in this appeal are: (1) whether the language of General Statutes § 54-56d (m) (5),[1] which provides that the court shall

---

[1] General Statutes § 54-56d (m) provides in relevant part: "(3) If the court orders the release of a defendant charged with the commission of a crime that resulted in the death or serious physical injury, as defined in section 53a-3, of another person . . . or orders the placement of such defendant in the custody of the Commissioner of Mental Health and Addiction Services, the court may, on its own motion or on motion of the prosecuting authority, order, as a condition of such release or placement, periodic examinations of the defendant as to the defendant's competency . . . .

"(5) The court shall dismiss, with or without prejudice, any charges for which a nolle prosequi is not entered when the time within which the defendant may be prosecuted for the crime with which the defendant is charged, as provided in section 54-193 or 54-193a, has expired. . . ."

After the defendant's competency hearing, § 54-56d (m) was amended by

dismiss the charges "when the time within which the defendant may be prosecuted for the crime with which the defendant is charged, as provided in section 54-193 or 54-193a, has expired" applies to crimes that did not result in the death or serious physical injury of another person; and (2) if so, whether, for purposes of § 54-56d (m) (5), the applicable statute of limitations starts to run from the date of the offense or from the date that the defendant is found incompetent and not restorable to competency pursuant to § 54-56d (g).[2]

After the defendant, Keir Johnson, was charged in three criminal cases, two cases involving misdemeanor charges and one case involving a felony charge, and, in a separate fourth case, with violating his probation, he was found incompetent to stand trial and not restorable to competency. The defendant then filed a motion to dismiss the charges in all four cases, claiming that he was entitled to dismissal of the two cases involving misdemeanor charges and the violation of probation case pursuant to § 54-56d (m) (5) because the statute of limitations as set forth in General Statutes (Rev. to 2007) § 54-193 had expired, and that he was entitled to dismissal of the case involving the felony charge, for which the statute of limitations had not expired, pursuant to Practice Book § 41-8 (5).[3]

No. 10-28, § 1, of the 2010 Public Acts, which divided subsection (m) into subdivisions (1) through (5) and made additional changes that have no bearing on the merits of this appeal. For convenience, we refer to the current revision of the statute.

[2] General Statutes § 54-56d (g) provides: "If, at the hearing, the court finds that there is not a substantial probability that the defendant, if provided with a course of treatment, will regain competency within the period of any placement order under this section, the court shall follow the procedure set forth in subsection (m) of this section."

[3] Practice Book § 41-8 provides in relevant part: "The following defenses or objections, if capable of determination without a trial of the general issue, shall, if made prior to trial, be raised by a motion to dismiss the information

* * *

"(5) Insufficiency of evidence or cause to justify the bringing or continuing of such information or the placing of the defendant on trial . . . ."

The trial court concluded that § 54-56d (m) (5), which provides for dismissal upon expiration of the statute of limitations, did not apply to the defendant because his crimes had not resulted in the death or serious injury of another person; see General Statutes § 54-56d (m) (3); but granted the motion to dismiss with respect to all four of the pending cases on the ground that it lacked personal jurisdiction over the defendant after he had been found incompetent and not restorable to competency. The state then filed this appeal[4] claiming, inter alia, that the trial court improperly concluded that § 54-56d (m) did not apply to the defendant and that the trial court therefore retained jurisdiction over the defendant until the statute of limitations expired. We agree with this claim, but affirm the judgments of the trial court dismissing the two cases involving misdemeanor charges on the alternate ground that the charges were subject to dismissal pursuant to § 54-56d (m) (5) because the applicable statute of limitations runs from the date of the offense for purposes of that statute, and it has expired. With respect to the case involving a felony charge, for which the statute of limitations has not expired, we reverse the judgment of dismissal and remand that case to the trial court for a determination as to whether the case should be dismissed pursuant to Practice Book § 41-8 (5). Finally, we conclude that the state was not aggrieved by the dismissal of the violation of probation case and, accordingly, we dismiss that portion of the appeal.

The record reveals the following undisputed facts and procedural history. On January 27, 2007, the defendant was arrested and charged with operating a motor

---

[4] The trial court granted the state permission to appeal from the dismissal of the criminal charges pursuant to General Statutes § 54-96. The state appealed to the Appellate Court from the judgment of the trial court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

vehicle while his operator's license was under suspension in violation of General Statutes § 14-215 and improper illumination of a registration plate in violation of General Statutes § 14-96c (Docket No. MV-07-0672905-S). The defendant pleaded not guilty to these misdemeanor charges on March 26, 2007.

On September 5, 2007, the defendant was arrested and charged with breach of the peace in the second degree in violation of General Statutes § 53a-181 (Docket No. CR-07-0293539-S). The state subsequently changed the charge to assault in the third degree in violation of General Statutes § 53a-61, a misdemeanor. In addition, the state charged the defendant with violating his probation pursuant to General Statutes § 53a-32 (Docket No. CR-06-0286981-S).[5] Also as the result of the September 5, 2007 incident, the trial court, *Abrams, J.*, issued a protective order against the defendant. On October 5, 2007, the defendant pleaded not guilty to the charge of assault in the third degree and denied the violation of probation charge.

On February 15, 2008, the trial court, *Abrams, J.*, ordered a competency hearing pursuant to § 54-56d to determine whether the defendant understood the proceedings and was able to assist in his own defense. After conducting an evidentiary hearing, the trial court, *Strackbein, J.*, determined that the defendant was not competent, but could be restored to competency. The court ordered that the defendant be placed in a ninety day outpatient program with the department of developmental services (department).

On May 20, 2008, the state arrested the defendant and charged him with violating the protective order that Judge Abrams had issued as the result of the Sep-

---

[5] The defendant previously had been sentenced to six months imprisonment, execution suspended, with eighteen months probation, for an offense that had occurred on May 10, 2006.

tember 5, 2007 incident, in violation of General Statutes § 53a-223 (Docket No. CR-08-0297344-S). The defendant pleaded not guilty to this felony charge on June 6, 2008.

The trial court, *Frechette, J.,* conducted a second competency hearing on November 25, 2008. The court concluded that the defendant was not competent and that there was no substantial probability that the defendant would regain competency within the maximum period allowed by law. Accordingly, the court ordered the defendant to be placed in the custody of the department and continued the underlying matters until May 29, 2009.

On June 4, 2009, the defendant made an oral motion to dismiss the criminal charges and the violation of probation charge. The defendant contended that the two misdemeanor cases, Docket Nos. MV-07-0672905-S and CR-07-0293539-S, and the violation of probation case, Docket No. CR-06-0286981-S, should be dismissed pursuant to § 54-56d (m) because the one year statute of limitations for misdemeanors, as set forth in General Statutes (Rev. to 2007) § 54-193 (b),[6] had expired.[7] See General Statutes § 54-56d (m) (5) ("[t]he court shall dismiss, with or without prejudice, any charges for which a nolle prosequi is not entered when the time within which the defendant may be prosecuted for the

[6] General Statutes (Rev. to 2007) § 54-193 (b) provides: "No person may be prosecuted for any offense, except a capital felony, a class A felony or a violation of section 53a-54d or 53a-169, for which the punishment is or may be imprisonment in excess of one year, except within five years next after the offense has been committed. No person may be prosecuted for any other offense, except a capital felony, a class A felony or a violation of section 53a-54d or 53a-169, except within one year next after the offense has been committed."

[7] As we have indicated, the defendant was not charged with a misdemeanor in Docket No. CR-06-0286981-S, but was charged with violating his probation. As we discuss more fully in the text of this opinion, "a [probation] revocation proceeding . . . is not a criminal proceeding"; (internal quotation marks omitted) *State* v. *Faraday,* 268 Conn. 174, 183, 842 A.2d 567 (2004); and is not subject to the statute of limitations for criminal prosecutions.

crime with which the defendant is charged, as provided in section 54-193 or 54-193a, has expired"). With respect to the felony charge of violating the protective order in Docket No. CR-08-0297344-S, the defendant contended that dismissal was warranted pursuant to Practice Book § 41-8 (5), because there was no longer sufficient cause to justify the continuation of the information. The state argued that the court should not dismiss the misdemeanor charges because the one year statute of limitations had not begun to run on those charges until November 25, 2008, the date that the defendant had been found incompetent and not restorable to competency. In the alternative, the state argued that, if the statute of limitations began running when the defendant committed the offenses,[8] then any delays caused by the continuances required for the competency hearings should be excluded from the calculation of the limitations period.

As we have indicated, the trial court, *McMahon, J.,* granted the defendant's motion to dismiss all four cases without prejudice on the ground that the court lacked personal jurisdiction over the defendant after he had been found incompetent and not restorable to competency.[9] On appeal, the state claims that the trial court improperly concluded that: (1) the portion of § 54-56d (m) (5) providing that "[t]he court shall dismiss, with or without prejudice, any charges for which a nolle

[8] The state argued to the trial court that "if . . . the statute of limitations starts *at the time of the arrest,*" then the continuances requested by the defendant should be excluded from the time calculation. (Emphasis added.) As we discuss later in this opinion, the statute of limitations for a criminal offense runs from the date of the offense, not the date of the arrest. In the present case, however, the defendant was arrested on the date of the offenses.

[9] Although the trial court did not expressly identify the source of its authority to dismiss the charges, it is reasonable to conclude that it relied on Practice Book § 41-8 (4) (trial court may dismiss information for "[a]bsence of jurisdiction of the court over the defendant").

prosequi is not entered when the time within which the defendant may be prosecuted for the crime with which the defendant is charged, as provided in section 54-193 or 54-193a, has expired" did not apply to the defendant; and (2) the court lacked personal jurisdiction over the defendant after he had been found incompetent and not restorable to competency. The state further claims that, if this court agrees that § 54-56d (m) (5) applies to the defendant, the judgments of the trial court dismissing the criminal charges may not be affirmed on the alternate ground that the statute of limitations has expired because, for purposes of that statute, the statute of limitations begins to run when the defendant is found incompetent and not restorable to competency or, in the alternative, the statute of limitations resumes running at that time.[10] Finally, the state claims that the dismissal of the violation of probation case may not be affirmed on the alternate ground that the statute of limitations has expired because that case was not subject to the statute of limitations. The defendant disputes all of the state's claims and also claims that this court lacks jurisdiction over the state's appeal because it was untimely, the state was not aggrieved by the dismissal of the

[10] If the state were correct that, for purposes of § 54-56d (m) (5), the statute of limitations begins to run on the date that the defendant is found incompetent and not restorable to competency, the statute of limitations for the misdemeanor charges would have expired on November 25, 2009, one year after the date of the competency hearing. The state claims that, if this court agrees with its claims that § 54-56d (m) (5) applies to the misdemeanor charges and that, for purposes of that statute, the statute of limitations begins to run on the date that the defendant is found incompetent, this court should conclude for equitable reasons that the state's appeal tolled the statute of limitations. Although we agree that this court has the authority to toll the statute of limitations under these circumstances; see *State* v. *Garcia*, 235 Conn. 671, 675, 669 A.2d 573 (1996) ("this court is authorized to toll the statutory period during the time of appeal so as to effectuate the purpose of § 54-56d"); because we conclude that, for purposes of § 54-56d (m) (5), the statute of limitations begins to run on the date of the offense, we need not address the merits of the state's claim that we should exercise that authority in the present case.

charges, the dismissal of the charges without prejudice was not an appealable final judgment, and the state's claims are moot.

We reject the defendant's jurisdictional claims with respect to the cases involving the misdemeanor charges and the felony charge, but we agree that the state was not aggrieved by the trial court's dismissal of the violation of probation case. Accordingly, the appeal is dismissed as to the judgment in that case. We agree with the state's claims that § 54-56d (m) (5) applies to the misdemeanor and felony charges and that the trial court therefore necessarily had personal jurisdiction over the defendant until the charges were dismissed pursuant to that statute. We agree with the defendant, however, that, for purposes of § 54-56d (m) (5), the applicable statute of limitations runs continuously from the date that the defendant committed the offense. Accordingly, we affirm the judgments of the trial court dismissing the two cases involving the misdemeanor charges on the alternate ground that the statute of limitations for those offenses had expired. Because the statute of limitations for the pending felony charge has not expired, we conclude that § 54-56d (m) (5) does not authorize the dismissal of the case involving the felony charge and that case must be remanded to the trial court for consideration of the defendant's claim that the case should be dismissed pursuant to Practice Book § 41-8 (5).

I

We address the defendant's jurisdictional claims at the outset. See *Community Collaborative of Bridgeport, Inc.* v. *Ganim*, 241 Conn. 546, 552, 698 A.2d 245 (1997) ("once the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case"

[internal quotation marks omitted]). The defendant first claims that this court lacks jurisdiction over the state's appeal because it was untimely. Specifically, the defendant claims that, because the trial court lacked jurisdiction over the underlying criminal cases after it determined that he was incompetent and not restorable to competency on November 25, 2008, it had no authority to continue the underlying criminal cases and violation of probation case for six months. Accordingly, he argues, the November 25, 2008 determination of incompetence constituted a final judgment, the state should have appealed from that ruling, and the state's appeal from the June 4, 2009 decision dismissing the underlying proceedings was untimely. He further argues that the state's failure to bring a timely appeal deprives this court of subject matter jurisdiction.

We conclude that the state's appeal was not untimely. Because the state is not challenging Judge Frechette's finding that the defendant was incompetent and not restorable to competency, but is challenging Judge McMahon's subsequent ruling that Judge Frechette's finding deprived the trial court of personal jurisdiction over the defendant, the state was not required to appeal from the former ruling. Even if this court were ultimately to conclude that the trial court lacked jurisdiction over the defendant after Judge Frechette found that the defendant was incompetent and not restorable to competency, that would not mean that this court lacked appellate jurisdiction to address the state's claim to the contrary in the first instance.[11] See *Finley* v. *Inland Wetlands Commission*, 289 Conn. 12, 17 n.6, 959 A.2d 569 (2008) (trial court's lack of subject matter jurisdiction does not deprive reviewing court of appel-

[11] Even if the state's appeal was untimely, the failure to take an appeal within the proper time is not a jurisdictional defect, but merely renders an appeal voidable. *State* v. *Reid*, 277 Conn. 764, 777, 894 A.2d 963 (2006).

late jurisdiction to determine whether trial court had jurisdiction).

We next address the defendant's claim that the state lacked standing to appeal because it was not aggrieved by the dismissal of the charges without prejudice. Specifically, the defendant contends that, because the state can reinstate the charges if it receives information that the defendant has become competent, the state is, in effect, in the same position that it would have been in if the trial court had not dismissed the charges and, therefore, the state has suffered no detriment.

"In the appellate context, [a]ggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected. . . . We traditionally have applied the following two part test to determine whether aggrievement exists: (1) does the allegedly aggrieved party have a specific, personal and legal interest in the subject matter of a decision; and (2) has this interest been specially and injuriously affected by the decision." (Internal quotation marks omitted.) *Nanni* v. *Dino Corp.*, 117 Conn. App. 61, 70, 978 A.2d 531 (2009). "It is axiomatic that aggrievement is a basic requirement of standing, just as standing is a fundamental requirement of jurisdiction. If a party is found to lack [aggrievement], the court is without subject matter jurisdiction to determine the cause." (Internal quotation marks omitted.) *Abel* v. *Planning & Zoning Commission*, 297 Conn. 414, 437, 998 A.2d 1149 (2010).

The resolution of this claim requires us to determine the effect of the trial court's ruling on the pending prosecutions. As we have indicated, the trial court dismissed the charges in all four cases against the defendant without prejudice because it concluded that it lacked personal jurisdiction over the defendant after he had been found incompetent and not restorable to

competency.[12] "A dismissal without prejudice terminates litigation and the court's responsibilities, while leaving the door open for some new, future litigation. . . . It is well established that a dismissal without prejudice has no res judicata effect on a subsequent claim." (Citation omitted; internal quotation marks omitted.) *Commission on Human Rights & Opportunities* v. *Torrington*, 96 Conn. App. 313, 319, 901 A.2d 46, cert. denied, 280 Conn. 929, 909 A.2d 957 (2006). Accordingly, "[t]he granting of a motion to dismiss without prejudice . . . does not preclude the state from charging the defendant in a new information with the same offenses *within the applicable statute of limitations.*" (Emphasis added.) *State* v. *Lenczyk*, 11 Conn. App. 224, 225–26 n.1, 526 A.2d 554 (1987) (per curiam); cf. *State* v. *Winer*, 286 Conn. 666, 684–85, 945 A.2d 430 (2008) ("after a nolle prosequi has been entered, the statute of limitations continues to run and a prosecution may be resumed only on a new information and a new arrest"). Pursuant to General Statutes (Rev. to 2007) § 54-193,

---

[12] As we also have indicated, the trial court did not rely on the dismissal provision of § 54-56d (m) (5), because it concluded that that provision applies only when the defendant's crimes resulted in the death or serious physical injury of another person. Rather, the trial court apparently relied on Practice Book § 41-8 (4). See footnote 3 of this opinion.

The state points out that, since the repeal of Practice Book (1978–97) § 819, effective October 1, 1987, the rules of practice no longer expressly authorize the trial courts to dismiss criminal prosecutions without prejudice. Compare Practice Book (1978–97) § 819 ("If the judicial authority grants a motion to dismiss, he shall specify whether the dismissal is with or without prejudice. If the dismissal is with prejudice, the defendant shall be released, and the prosecuting authority may, where he is entitled by law, appeal the dismissal in the same manner and to the same effect as appeals from final judgments in criminal prosecutions. If the dismissal is without prejudice, the defendant shall be released, but the dismissal shall not be a bar to further prosecution for the same offense or offenses."), with Practice Book § 41-8. The state makes no claim, however, that the trial court has no authority to dismiss a charge without prejudice outside of the dismissal provision § 54-56d (m) (5). Indeed, it would be unworkable to conclude that, in every case in which the trial court dismisses a charge for a curable formal defect, the state can never reinstitute the charge.

the limitations period runs from the date that the offense was committed. Thus, in the present case, the trial court's ruling dismissing the charges without prejudice effectively placed the parties in the same position that they were in before the state brought the initial charges against the defendant: the state could prosecute the defendant as long as it brought new charges within any applicable limitations period, running from the date that the offense was committed.

With respect to the misdemeanor charges in Docket Nos. MV-07-0672905-S and CR-07-0293539-S, however, the statute of limitations had expired *before* June 4, 2009, the date that the trial court dismissed the charges without prejudice.[13] Thus, the trial court's ruling effectively barred the state from reinstituting these charges.[14] The state claims, however, that, contrary to the trial court's ruling, the dismissal provision of § 54-56d (m) (5) applies to the defendant and, for purposes of that statute, the statute of limitations runs from the date that the defendant is found incompetent and not restorable to competency. Thus, according to the state, if the trial court properly had applied § 54-56d (m) (5), the statute of limitations for the misdemeanor charges would not expire until one year after the competency hearing, or November 25, 2009. If the state is correct,

[13] As we have indicated, the incident that formed the basis of the misdemeanor charges in Docket No. MV-07-0672905-S occurred on January 27, 2007, and the incident that formed the basis of the misdemeanor charge in Docket No. CR-07-0293539-S occurred on September 5, 2007. Accordingly, if the state had not charged the defendant with those offenses within the limitations period, the one year statute of limitations for the charges, as set forth in General Statutes (Rev. to 2007) § 54-193, would have expired, respectively, on January 27, 2008, and September 5, 2008.

[14] It is unclear whether the trial court recognized that its ruling dismissing the misdemeanor charges without prejudice effectively barred the state from reinstituting the misdemeanor charges. As we have indicated, however, there is no basis for a conclusion that, when the trial court has dismissed a charge without prejudice, the state can reinstitute the charge after the statute of limitations has expired.

the trial court's ruling deprived the state of its right to reinstitute the charges against the defendant in the period between the date of the ruling and November 25, 2009, if the defendant regained competency during that period. Because the state has made a colorable claim "that [this] legally protected interest . . . has been adversely affected"; (internal quotation marks omitted) *Nanni* v. *Dino Corp.*, supra, 117 Conn. App. 70; we conclude that the state was aggrieved by the trial court's ruling and therefore had standing to appeal.

With respect to the felony charge in Docket No. CR-08-0297344-S, the state concedes that under the trial court's ruling, it is not currently barred from reinstituting the felony charge if the defendant regains competency because the statute of limitations for the charge will not expire until five years from the date of the offense, or May 20, 2013.[15] Thus, the state can reinstitute the charge at any time before that date if the defendant regains competency. The state argues, however, that the trial court should have applied § 54-56d (m) (5) to the charge and that, for purposes of that statute, the applicable statute of limitations will not expire until five years after the date that the defendant was found incompetent but not restorable to competency, or November 25, 2013. Thus, according to the state's argument, the trial court had no authority to dismiss the charge before that date. Because the state has made a

---

[15] Unlike the defendant's misdemeanor offenses, for which the statute of limitations has expired, the defendant's felony offense is subject to the current revision of § 54-193, which was amended in 2010. See Public Acts 2010, No. 10-180, § 6; see also *State* v. *Skakel*, 276 Conn. 633, 674, 888 A.2d 985 ("with respect to those criminal offenses for which the applicable preamendment statute of limitations period has not yet expired, an amendment to that statute of limitations is presumptively retroactive"), cert. denied, 549 U.S. 1030, 127 S. Ct. 578, 166 L. Ed. 2d 428 (2006). General Statutes § 54-193 (b) provides: "No person may be prosecuted for any offense, other than an offense set forth in subsection (a) of this section, for which the punishment is or may be imprisonment in excess of one year, except within five years next after the offense has been committed."

colorable claim that the trial court's ruling deprived it of the right to reinstitute the felony charge during the period between May 20, 2013, and November 25, 2013, if the defendant were to regain competency during that period, we conclude that the state was aggrieved by the ruling.

Finally, with respect to Docket No. CR-06-0286981-S, both parties concede that, because the violation of probation charge was not subject to a statute of limitations, and because the trial court dismissed the charge without prejudice, the state can reinstitute the charge at any time if the defendant regains competency, assuming that the defendant's probation period has not expired.[16]

---

[16] The state points out that the timeliness of the proceedings on the violation of probation charge is governed by § 53a-32 (c), which provides in relevant part that, when a defendant has been arrested for violating the conditions of probation, "the court shall cause the defendant to be brought before it without unnecessary delay for a hearing on the violation charges. . . ." We note, however, that this provision governs the timeliness of a hearing on a violation of probation charge *after* the defendant has been arrested and charged, not the timeliness of the charge itself. Neither party has pointed to any statute or rule of practice imposing a specific time limit within which a defendant must be charged after the defendant has violated his probation.

Although neither party has raised the issue, it appears that the defendant's probation period may have expired. See footnote 5 of this opinion. If that is in fact the case, the state would be barred from reinstituting the violation of probation charge even if the trial court had not dismissed the charge without prejudice. See General Statutes § 53a-32 (a) ("[a]t *any time during the period of probation or conditional discharge,* the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation or conditional discharge" [emphasis added]). The state does not contend that the probation period is tolled during the defendant's incompetency or that the state can charge the defendant with violating his probation after his probation period has expired. Accordingly, if the defendant's probation period has expired, that would be an alternative reason that the state is not aggrieved by the trial court's dismissal of the violation of probation charge.

The defendant contends that constitutional due process principles require the trial court to bar violation of probation proceedings against a defendant who has been found incompetent and not restorable to competency. He makes no claim, however, that the violation of probation proceedings are subject to a statute of limitations. Thus, he implicitly concedes that, regard-

Accordingly, the state is not in an appreciably different position than it would have been in if the trial court had not dismissed the charge. We conclude, therefore, that the state was not aggrieved by the dismissal of that charge without prejudice. Thus, this court lacks jurisdiction over the state's appeal from the dismissal of Docket No. CR-06-0286981-S, and the appeal must be dismissed as to the judgment in that case.

We next address the defendant's claim that this court lacks jurisdiction over the state's appeal with respect to Docket Nos. MV-07-0672905-S and CR-07-0293539-S, involving the misdemeanor charges, and CR-08-0297344-S, involving the felony charge, because the trial court, by dismissing those cases without prejudice, did not render appealable final judgments. We disagree. As we have indicated, the trial court's dismissal of the misdemeanor charges had the effect of immediately and permanently barring the state from prosecuting those charges. Accordingly, we conclude that the trial court, in dismissing the cases involving the misdemeanor charges, rendered appealable final judgments. With respect to the felony charge, the trial court's ruling deprived the state of the right to reinstitute the charge in the period between May 20, 2013, and November 25, 2013, if the defendant were to regain competency during that period, and no further proceeding at the trial court level could restore that right. We therefore conclude that, even if the dismissal of the felony charge was not an appealable final judgment, it is reviewable under *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983) ("[a]n otherwise interlocutory order is appealable . . . where the order or action so concludes the rights of the parties that further proceedings cannot affect them").

less of whether § 54-56d (m) (5) applies to violation of probation proceedings, the trial court had the authority to dismiss that charge without prejudice to the state's right to reinstitute the charge if he regains competency.

Finally, we reject the defendant's claim that the state's claims regarding the misdemeanor charges are moot. The defendant contends that this court cannot grant relief because the statute of limitations on the misdemeanor charges has now expired, regardless of whether the limitations period is calculated from the date of the offenses or from the date that the defendant was found incompetent but not restorable to competency. See *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, 297 Conn. 105, 163, 998 A.2d 730 (2010) ("[w]hen, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot" [internal quotation marks omitted]). We disagree. If this court were to agree with the state that, for purposes of § 54-56d (m) (5), the statute of limitations runs from the date that the defendant is found incompetent and not restorable to competency, then this court would have the authority to toll the statute of limitations during the pendency of this appeal in order to protect the state's right to reinstitute the charges. See *State* v. *Garcia*, 235 Conn. 671, 675, 669 A.2d 573 (1996) ("this court is authorized to toll the statutory period during the time of appeal so as to effectuate the purpose of § 54-56d"). Because practical relief is available, the state's appeal is not moot.

II

We next address the state's claims on appeal. The state first claims that the trial court improperly concluded that it lacked personal jurisdiction over the defendant after he had been found incompetent and not restorable to competency pursuant to § 54-56d (g). The state contends that, under § 54-56d (m), the trial court retained jurisdiction over the defendant until the state entered a nolle prosequi or the statute of limitations expired. We agree.

Whether the trial court retains personal jurisdiction over a defendant who has been found incompetent and not restorable to competency pursuant to § 54-56d (g) is a question of statutory interpretation over which our review is plenary. See *State ex rel. Gregan* v. *Koczur*, 287 Conn. 145, 152, 947 A.2d 282 (2008). "In making such determinations, we are guided by fundamental principles of statutory construction. See General Statutes § 1-2z;[17] *Testa* v. *Geressy*, 286 Conn. 291, 308, 943 A.2d 1075 (2008) ([o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature . . .)." (Internal quotation marks omitted.) *In re Matthew F.*, 297 Conn. 673, 688, 4 A.3d 248 (2010).

We begin with the language of § 54-56d (g), which provides in relevant part that, when the trial court "finds that there is not a substantial probability that the defendant, if provided with a course of treatment, will regain competency within the period of any placement order under this section, the court shall follow the procedure set forth in subsection (m) of this section." Subsection (m) of § 54-56d provides in relevant part: "(3) If the court orders the release of a defendant charged with the commission of a crime that resulted in the death or serious physical injury, as defined in section 53a-3, of another person . . . or orders the placement of such defendant in the custody of the Commissioner of Mental Health and Addiction Services, the court may, on its own motion or on motion of the prosecuting authority, order, as a condition of such release or placement, periodic examinations of the defendant as to the defendant's competency . . . . (5) The court shall dismiss, with or without prejudice, any charges for which a nolle

---

[17] General Statutes § 1-2z provides: "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered."

prosequi is not entered when the time within which the defendant may be prosecuted for the crime with which the defendant is charged, as provided in section 54-193 or 54-193a, has expired. . . ."

In the present case, the trial court concluded that § 54-56d (m) (5) applies only when the defendant has been charged with a crime that resulted in the death or serious physical injury of another person, as stated in § 54-56d (m) (3). Because the court believed that the statute was silent on the question of how to treat a defendant who is being prosecuted for other crimes, the court concluded that the legislature must have intended that the court would "[relinquish] jurisdiction over the person" in such cases and let such prosecutions "go by the boards." The state contends that, to the contrary, § 54-56d (m) (5) applies to *all* criminal charges against a defendant who has been found incompetent and not restorable to competency and, therefore, the trial court necessarily retains personal jurisdiction over the defendant until the charges are dismissed pursuant to the statute. We conclude that, because both interpretations are plausible, the statute is ambiguous. See *In re Jan Carlos D.*, 297 Conn. 16, 21, 997 A.2d 471 (2010) ("[a] statute is ambiguous if, when read in context, it is susceptible to more than one reasonable interpretation"). Accordingly, we may "look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . . ." (Internal quotation marks omitted.) Id.

We turn, therefore, to a review of the genealogy and legislative history of § 54-56d (m). Before 1985, the relevant language was set forth in § 54-56d (*l*), which provided that "[i]f at any time the court determines that there is not a substantial probability that the defendant

will become competent within the period of treatment allowed by this section, or if at the end of that period the court finds that the defendant is still not competent, the court (1) shall dismiss, with or without prejudice, any charges for which a nolle prosequi is not entered . . . ." In 1985, the legislature amended the statute to provide that "[t]he court shall dismiss, with or without prejudice, any charges for which a nolle prosequi is not entered when the time within which the defendant may be prosecuted for the crime with which he is charged, as provided in section 54-193, has expired." Public Acts 1985, No. 85-288, codified at General Statutes (Rev. to 1987) § 54-56d (m). Because neither revision of the statute contained the language in the current revision relating to crimes resulting in the death or serious physical injury of another person, both revisions clearly authorized the trial court to dismiss *all* charges against a defendant who had been found incompetent and not restorable to competency. After the 1985 amendment, however, the court was authorized to dismiss a charge only when the statute of limitations for the offense had expired.

In 1998, the legislature again amended § 54-56d (m) by inserting language that allows the court to order, as a condition of release, periodic competency examinations of defendants charged with crimes resulting in the death or serious physical injury of another person. Public Acts 1998, No. 98-88, § 2 (P.A. 98-88). The legislative history of P.A. 98-88 reveals that the amendment was enacted in response to the Appellate Court's decision in *State* v. *Curtis*, 22 Conn. App. 199, 203–204, 576 A.2d 1299 (1990), concluding that the trial court had no authority under General Statutes (Rev. to 1987) § 54-56d (m) to order the periodic examination of a defendant, who had been charged with murder, after the defendant was found incompetent and not restorable

to competency.[18] See 41 H.R. Proc., Pt. 6, 1998 Sess., pp. 1995–97, remarks of Representative Michael Lawlor (purpose of legislation enacted as P.A. 98-88, § 2, was to solve problem that had emerged in case holding that defendant who had committed murder could not be periodically tested to determine whether he was restored to competency). There is *no* indication, however, either in the language of the amended statute or in the legislative history of P.A. 98-88, § 2, that the legislature intended to change the preexisting provision requiring the trial court to dismiss *all* charges against a defendant who has been found incompetent and not restorable to competency when the statute of limitations for the offense expires. Indeed, the only change that the legislature made to the dismissal provision in the statute in 1998 was to add the reference to General Statutes § 54-193a, in addition to the reference to § 54-193 that had been added in 1985.

With this background in mind, we conclude that the language of § 54-56d (m) (5) providing that "[t]he court shall dismiss, with or without prejudice, any charges for which a nolle prosequi is not entered when the time within which the defendant may be prosecuted for the crime with which the defendant is charged, as provided in section 54-193 or 54-193a, has expired," is not limited

[18] The defendant in the present case contends that *Curtis* supports his argument that the trial court properly concluded that it lacked personal jurisdiction over him after he had been found incompetent and not restorable to competency. We are not persuaded. The court in *Curtis* concluded only that, under General Statutes (Rev. to 1987) § 54-56d (m), if the trial court released the defendant from custody, it could not impose conditions on the release. *State* v. *Curtis*, supra, 22 Conn. App. 203–204. The court did not conclude that the trial court would no longer have jurisdiction over the underlying criminal proceeding. Indeed, after the Appellate Court released its decision in *Curtis*, the defendant in that case regained competency and the state recommenced the criminal prosecution against him. *State* v. *Curtis*, Superior Court, judicial district of Fairfield, Docket No. CR-97134066 (January 29, 1998). The trial court concluded that the Appellate Court's decision in *Curtis* did not bar the prosecution. Id.

to crimes that resulted in the death or serious physical injury of another person, but applies to all charges pending against a defendant who has been found incompetent and not restorable to competency. It necessarily follows that the trial court has jurisdiction over the defendant until the charges are dismissed pursuant to the statute. Accordingly, we conclude that the trial court in the present case improperly dismissed the charges against the defendant on the ground that it lacked personal jurisdiction over him after he had been found incompetent and not restorable to competency.

We next turn to the state's claim that, for purposes of § 54-56d (m) (5), the statute of limitations as set forth in General Statutes (Rev. to 2007) § 54-193 begins to run on the date that the defendant is found incompetent and not restorable to competency, not from the date of the offense. In the alternative, the state claims that the time period between the date that the prosecution was commenced and the date that the defendant was found incompetent and not restorable to competency should not be counted in calculating whether the limitations period has expired. The state contends that, when the state has commenced a prosecution within the limitations period, as calculated from the date of offense, the policy concerns underlying the statute of limitations have been fulfilled. Accordingly, the state argues, if the charge is subsequently dismissed without prejudice pursuant to § 54-56d (m) (5), calculating the limitations period from the date of the offense for purposes of determining the timeliness of the *reinstitution* of the charges serves no public policy purpose. We are not persuaded.

Section 54-56d (m) (5) provides in relevant part: "The court shall dismiss, with or without prejudice, any charges for which a nolle prosequi is not entered when the time within which the defendant may be prosecuted for the crime with which the defendant is charged, as

provided in section 54-193 or 54-193a, has expired. . . ." General Statutes (Rev. to 2007) § 54-193 (b) provides: "No person may be prosecuted for any offense, except a capital felony, a class A felony or a violation of section 53a-54d or 53a-169, for which the punishment is or may be imprisonment in excess of one year, except within five years next *after the offense has been committed.* No person may be prosecuted for any other offense, except a capital felony, a class A felony or a violation of section 53a-54d or 53a-169, except within one year next *after the offense has been committed."* (Emphasis added.)

Thus, General Statutes (Rev. to 2007) § 54-193 (b) plainly and unambiguously provides that the statute of limitations is calculated from the date of the offense, and there is nothing either in that statute or in § 54-56d (m) to suggest that the legislature intended that, for purposes of § 54-56d (m) (5), the statute of limitations would start to run from some other date.[19] Although there may be policy arguments supporting the state's claims that the limitations period should run from the date that the defendant is found incompetent and not restorable to competency or, in the alternative, that the period between the date that the prosecution was commenced and the date that the defendant was found incompetent and not restorable to competency should not be counted in calculating the limitations period, those arguments must be addressed to the legislature, not to this court. "We are constrained to read a statute as written . . . and we may not read into clearly expressed legislation provisions which do not find expression in its words . . . ." (Citation omitted; internal quotation marks omitted.) *Giaimo* v. *New Haven,* 257 Conn. 481, 494, 778 A.2d 33 (2001); see also *Fernandes* v. *Rodriguez,* 255 Conn. 47, 58, 761 A.2d 1283 (2000)

___

[19] Similarly, the current revision of § 54-193 plainly and unambiguously provides that the statute of limitations runs from the date of the offense.

("this court is precluded from substituting its own ideas of what might be a wise provision in place of a clear expression of legislative will"). Moreover, when the legislature intends to exclude certain periods of delay from a time calculation in a criminal prosecution, it knows how to do so.[20] See *Genesky* v. *East Lyme*, 275 Conn. 246, 258, 881 A.2d 114 (2005) (when legislature has demonstrated that it knows how to accomplish certain purpose, fact that it did not do so in statute under review indicates that it had no intent to do so). We conclude, therefore, that, for purposes of § 54-56d (m) (5), the statute of limitations runs from the date of the offense.

Because it is undisputed that, as calculated from the date of the offenses, the statute of limitations for the misdemeanor charges in Docket Nos. MV-07-0672905-S and CR-07-0293539-S had expired before June 4, 2009, the date that the defendant orally moved to dismiss the charges, we affirm the judgments of the trial court dismissing those charges on the alternate ground that dismissal was mandated by § 54-56d (m) (5).[21] With

[20] See General Statutes § 54-82m (court rules to assure speedy trial "shall include provisions to identify periods of delay caused by the action of the defendant, or the defendant's inability to stand trial, to be excluded in computing the time limits [pertaining to trial]"); cf. Practice Book § 43-40 ("[t]he following periods of time shall be excluded in computing the time within which the trial of a defendant charged by information with a criminal offense must commence [for purposes of the constitutional right to a speedy trial] . . . [3] [a]ny period of delay resulting from the fact that the defendant is mentally incompetent . . . to stand trial").

[21] Section 54-56d (m) (5) appears to contain an anomaly because it provides that "[t]he court shall dismiss, *with or without prejudice,* any charges for which a nolle prosequi is not entered when the time within which the defendant may be prosecuted for the crime with which the defendant is charged, as provided in section 54-193 or 54-193a, has expired"; (emphasis added); when the effect of a dismissal without prejudice traditionally has been to allow the state to reinstitute a prosecution *within the applicable statute of limitations. State* v. *Lenczyk,* supra, 11 Conn. App. 225–26 n.1 ("[t]he granting of a motion to dismiss without prejudice . . . does not preclude the state from charging the defendant in a new information with the same offenses within the applicable statute of limitations"). Accordingly,

respect to the felony charge in Docket No. CR-08-0297344-S, the state claims that we cannot affirm the dismissal of this charge on the alternate ground that the statute of limitations has expired because it is undisputed that the limitations period will not terminate until May 20, 2013, as calculated from the date of the offense. We agree. Because the trial court improperly determined that it lacked jurisdiction over this matter after the defendant had been found incompetent and not restorable to competency, however, it never addressed the defendant's claim that the information should be dismissed pursuant to Practice Book § 41-8 (5). Accordingly, we remand the case to the trial court so it may consider that claim.

The appeal is dismissed as to the judgment in Docket No. CR-06-0286981-S; the judgment in Docket No. CR-08-0297344-S is reversed and that case is remanded to the trial court for further proceedings according to law; the judgments in Docket Nos. MV-07-0672905-S and CR-07-0293539-S are affirmed.

In this opinion the other justices concurred.

it is difficult to understand how a criminal prosecution may be dismissed without prejudice when the statute of limitations for the prosecution has already expired. To the extent that it may be argued that the legislature intended the dismissal provision of § 54-56d (m) (5) to abrogate the traditional rule that the state may reinstitute the prosecution only if it does so before the statute of limitations expires, we find any such argument unpersuasive. For all practical purposes, the effect of such a dismissal would be the same as no dismissal at all—in both circumstances, the state could reinstitute the prosecution as soon as the defendant regained competency, without any regard to the effect of the passage of time. Rather, the most likely explanation for the anomaly is that the legislature simply carried over the "with or without prejudice" language of the preexisting version of § 54-56d (m) when it amended the statute in 1985 to require dismissal only when the statute of limitations for the underlying offense has expired. We need not resolve this conundrum in the present case, however, because neither party claims that the state can reinstitute the criminal charges that have been dismissed without prejudice pursuant to § 54-56d (m) (5) after the statute of limitations has expired.