**Supreme Court**

No. 2011-265-M.P.
(P2/07-3944A)

State                        :

v.                         :

Kenneth W. Keenan.         :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                          :

    v.                         :

Kenneth W. Keenan.             :


Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Robinson, for the Court.** This Court granted the State of Rhode Island's petition for a writ of certiorari seeking review of the Superior Court's grant of the defendant's motion to reduce sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure. Upon granting the petition for a writ of certiorari, this Court specifically instructed the parties to address, inter alia, whether a motion to reduce sentence, once denied, may again be brought by the defendant and/or considered by the trial justice.

This case is before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After a careful review of the record and after consideration of the parties' written and oral arguments, we are satisfied that cause has not been shown and that this appeal may be decided at this time. For the reasons set forth in this opinion, we quash the judgment of the Superior Court.

- 1 -

# I

## Facts and Travel

On November 20, 2007, the Attorney General charged defendant Kenneth W. Keenan by way of a criminal information with assault with a dangerous weapon in violation of G.L. 1956 § 11-5-2 (count 1) and assault with intent to rob in violation of § 11-5-1 (count 2). On December 18, 2007, the Attorney General filed a notice stating that, if convicted of the offense(s) charged in the criminal information, defendant would be subject to the imposition of an additional sentence as a habitual offender.

At a hearing before the Superior Court on February 23, 2009, defendant pled <u>nolo contendere</u> to count 1; count 2 was dismissed pursuant to Rule 48(a) of the Superior Court Rules of Criminal Procedure in exchange for defendant's plea with respect to count 1. The plea form, which was signed by defendant and his counsel and was certified by the trial justice, included the following language:

> "I understand by changing my plea I will be giving up and waiving each and all of my rights as follows:
>
> "* * *
>
> "9. My right to file a motion for a reduction in sentence."

The trial justice accepted the <u>nolo</u> <u>contendere</u> plea, and he sentenced defendant to twenty years at the Adult Correctional Institutions (ACI), with ten years to serve and ten years suspended with probation.

On May 21, 2009, defendant, acting <u>pro se</u>, filed the following items in the Superior Court: a "Motion to Preserve Rule #35 Under Rhode Island Criminal Procedure"; a "Motion to Proceed Pro-Se"; a "Motion to Assign"; a document entitled "Writ of Habeas Corpus ad Testificandum"; a "Motion for Correction and Modification of Sentence"; and a "Motion for

Status Conference" on what he refers to therein as his motion for sentence reduction under Rule 35. On October 19, 2009, defendant appeared with counsel[1] before the trial justice on what was treated as defendant's motion to reduce sentence. After argument was presented by the prosecutor and by defendant's counsel, the trial justice made the following comment:

> "My belief is until the law is otherwise that while someone can waive that particular right [to seek reduction of their sentence] which is established by [c]ourt rule, this [c]ourt certainly has the inherent power to restore it to a defendant in the appropriate circumstances."

In rendering his decision[2] on defendant's motion, the trial justice stated as follows:

> "So I have in spite of the waiver reduced in at least one case to my recollection, restored it to a defendant in circumstances that I thought were appropriate.
>
> "I have to honestly say that at this time at this juncture in this case, I cannot do that. I cannot overlook the fact that I think it was a very fair and reasonable plea bargain made by the State at the time it was made, particularly in light of this defendant's record which is what it is. I'm going to deny the motion to reduce his sentence. I will <u>deny it without prejudice</u>. * * * I doubt the Parole Board is going to parole in a few months the first time that he is there.
>
> "So I'm not going to completely close the door to him ever returning here. Maybe somewhere down the road depending on how things unfold with the Parole Board or depending on how he continues to act and work behind the walls of the ACI I might be willing to take another look at this in the future. But, at this time based on the agreement that was made originally, it would be unfair to the State to consider restoring this ability to reduce the sentence to this defendant at this time. So, <u>it is denied without prejudice</u>." (Emphases added.)

---

[1]     Counsel for defendant filed an entry of appearance on September 20, 2009.

[2]     The trial court file does not contain an order memorializing the denial of defendant's first motion to reduce sentence. However, in addition to the decision reflected by the transcript, the file contains a case note indicating that the motion had been "denied without prejudice."

On December 10, 2010—more than a year after the trial justice denied defendant's motion without prejudice—defendant, through counsel, filed a motion to reduce sentence/assign pursuant to Rule 35. In his motion, defendant requested that the trial justice "assign for hearing a Rule 35 motion previously filed by the Defendant."

At the May 4, 2011 hearing on that motion, counsel for defendant argued that defendant had "done an exemplary job" in programs while at the ACI, although the parole board had declined to grant him parole. Counsel reminded the trial justice that he had denied defendant's previous motion to reduce sentence "without prejudice giving the defendant the opportunity to revisit this issue if not successful in front of the parole board." Counsel added that defendant had a "health issue," which counsel identified as addiction and depression. He represented to the court that defendant had arranged for "long-term residential treatment" and that he had not had any infractions at the ACI.

The state objected to the reduction of defendant's sentence on several grounds. The state first argued that defendant had waived his right to move to reduce his sentence because of what the state characterized as the "unequivocal" waiver language in the plea form. The state additionally brought to the court's attention (1) defendant's lengthy criminal record; (2) the fact that defendant was a probation violator at the time of the plea; and (3) the fact that the victim of the assault(s) which led to defendant's arrest and eventual plea had been "on board" with defendant being sentenced to fifteen years to serve (a sentence which had been "undercut" by the prosecutor at the time of the plea).

In rendering his decision, the trial justice summarized the positions of the parties and his analysis supporting his decision. The trial justice indicated that he was "not a fan" of the provision in the plea form whereby the defendant making the plea explicitly waives the right to

file a motion to reduce his or her sentence. (The printed text of the plea form indicates that the defendant is "giving up and waiving" an enumerated series of rights, including the "right to file a motion for a reduction in sentence.") The trial justice then stated:

> "So, I am going to reduce Mr. Keenan's sentence by one year on the years to serve, so it is going to be a 20 year sentence, nine years to serve."

At that point in the hearing, defense counsel pointed out that "[i]t has to be reduced, it has to be 19 years, the suspended probation has to remain the same." The hearing continued as follows:

> "THE COURT: 19 years, 9 years to serve.
> "[DEFENSE COUNSEL]: Thank you very much, your Honor.
> "[PROSECUTOR]: I will accept it. I don't know that we have to do it that way.
> "THE COURT: Let's go off the record for a minute.
> "**(DISCUSSION OFF THE RECORD)**
> "THE COURT: All right. With respect to the sentence reduction in this case, so the record is abundantly clear, after thinking for a moment about how this sentence should be reduced, I'm going to go back to my original sentence reduction which is the sentence will remain a 20 year sentence in total, he is going to serve 9 years.
> I'm reducing his sentence from 10 years to serve to 9 years to serve. 20 year sentence, 9 years to serve, 11 years suspended with probation."

The defendant's motion was therefore granted; his sentence was amended to twenty years, nine years to serve, and eleven years suspended with probation.[3] A note in a case action form in the criminal file states that "the term to serve has been reduced by 1 year." An order and a judgment indicating the grant of the motion were entered on December 2, 2011.

The state petitioned this Court for a writ of certiorari, which was granted; the parties were instructed to "address inter alia on certiorari the issue of whether a [Rule] 35 motion to reduce

---

[3] We pause to note that, when passing on a motion to reduce sentence, a trial justice is not authorized to suspend any portion of the sentence that a defendant has begun serving. See G.L. 1956 § 12-19-10; State v. O'Rourke, 463 A.2d 1328 (R.I. 1983).

- 5 -

sentence, once denied—whether with or without prejudice—can again be brought by the defendant and/or considered by the trial justice."

## II

## Standard of Review

The issue before this Court on appeal is whether or not the trial justice erred in granting defendant's motion to reduce sentence that was heard and decided by him on May 4, 2011. After the grant of a petition for a writ of certiorari, our review is "limited to examining the record to determine if an error of law has been committed." Huntley v. State, 63 A.3d 526, 530 (R.I. 2013) (internal quotation marks omitted). In that regard, "[q]uestions of law * * * are not binding upon the [C]ourt and may be reviewed to determine what the law is and its applicability to the facts." Id. at 530–31 (internal quotation marks omitted). With respect to a review of a trial justice's decision on a motion made pursuant to Rule 35, we have often stated that "[a] motion to reduce sentence under Rule 35 is essentially a plea for leniency." See State v. Ruffner, 5 A.3d 864, 867 (R.I. 2010) (internal quotation marks omitted). Moreover, because we "adhere[] to a strong policy against interfering with a trial justice's discretion in sentencing matters," our standard of review of a trial justice's decision on a Rule 35 motion is "extremely limited." See State v. Barkmeyer, 32 A.3d 950, 952 (R.I. 2011) (internal quotation marks omitted).

## III

## Analysis

## A

## Denial Without Prejudice

When this Court granted the state's petition for a writ of certiorari, we explicitly instructed the parties to address "the issue of whether a [Rule] 35 motion to reduce sentence,

once denied—whether with or without prejudice—can again be brought by the defendant and/or considered by the trial justice." The defendant states in his prebriefing statement to this Court that, "[a]t the conclusion of the first hearing, [the trial justice] did not make a final determination regarding the appropriate sentence in Mr. Keenan's case. * * * Instead, the motion was 'denied without prejudice' and [the trial justice] specifically stated that he would not foreclose the possibility of hearing from [defendant] again on his request." In essence, defendant asserts that the two hearings conducted by the trial justice actually dealt with the same motion to reduce sentence. The state, even though specifically instructed to address that issue, does not argue that the denial without prejudice barred the second hearing. Instead, the state points (in a footnote) to the fact that the original motion was entitled "Motion to Preserve Rule #35 Under Rhode Island Criminal Procedure," and it asserts that defendant therefore may not have filed "an actual Rule 35 motion" within the statutory time frame.

Black's Law Dictionary defines "without prejudice" as meaning "Without loss of any rights; in a way that does not harm or cancel the legal rights or privileges of a party." Black's Law Dictionary 1740 (9th ed. 2009). The Supreme Court of the United States has addressed the "primary meaning" of that phrase, in the context of a dismissal, as a "dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim." Semtek International Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505 (2001). The Court in Semtek proceeded to refer to the definition of "dismissal without prejudice" in the then-current edition of Black's Law Dictionary as a "dismissal that does not bar the plaintiff from refiling the lawsuit within the applicable limitations period." Id. at 505–06 (quoting with approval Black's Law Dictionary 482 (7th ed. 1999)); see also Mirpuri v. ACT Manufacturing, Inc., 212 F.3d 624, 628–29 (1st Cir. 2000) (discussing the preclusive effect of a dismissal without prejudice on the

ability to file an amended complaint); State v. Johnson, 26 A.3d 59, 67–68 (Conn. 2011) (discussing the effect of a dismissal without prejudice of pending prosecutions).

In this case, although no order entered reflecting the dismissal, it is clear that, on October 19, 2009, the trial justice "denied without prejudice" what he treated as defendant's Rule 35 motion to reduce sentence.[4] It is equally clear that Rule 35(a) provides that the trial court "may reduce any sentence when a motion is filed within one hundred and twenty (120) days after the sentence is imposed * * *." However, the Rule does not allow for reduction of any sentence (other than an illegal one) if a motion is filed beyond that time.

At the time of the first hearing, the trial justice clearly stated that he could not find a reason to reduce defendant's sentence, and he denied the motion. In our view, that October 19, 2009 denial without prejudice of defendant's motion to reduce sentence acted as a ruling on that motion—there was no further action that could have been taken on that motion after that point in time. Although, on December 10, 2010, defendant filed a "Motion to Reduce Sentence/Assign Pursuant to Rule 35," we consider that filing to be a new motion (notwithstanding the language contained within the text of that motion)—which filing was not made within 120 days after sentencing.[5] Because the trial justice had disposed of the initial motion on October 19, 2009, nothing was pending before the court to assign for determination, other than the December 10, 2010 filing. Accordingly, we hold that defendant's motion to reduce sentence pursuant to Rule 35 was not properly before the trial court in May of 2011 and should not have been heard or

---

[4] We are not persuaded by the state's argument that defendant's original motion was not a "Rule 35 Motion to Reduce Sentence"; to so rule would be to elevate form over substance, something that we have repeatedly refused to do. See, e.g., New Harbor Village, LLC v. Town of New Shoreham Zoning Board of Review, 894 A.2d 901, 905 (R.I. 2006).

[5] We need not and therefore shall not address in this opinion whether a Rule 35 motion, once denied (whether with or without prejudice) may properly be brought again by a defendant within the 120-day period set forth in Rule 35.

decided by the trial justice.  Therefore, the trial justice erred in granting the motion, and the resulting judgment is invalid.

## B

### The State's Remaining Contentions

Given our determination that the defendant's motion was not properly before the trial court in May of 2011, we need not reach the state's argument that the trial justice's decision denied it the benefit of its plea bargain with the defendant.[6]  See Grady v. Narragansett Electric Co., 962 A.2d 34, 42 n.4 (R.I. 2009) (referring to "our usual policy of not opining with respect to issues about which we need not opine"); Calise v. Curtin, 900 A.2d 1164, 1169 (R.I. 2006) ("[W]e leave this issue for another day in another case.").  Similarly, we need not address the state's argument that the trial justice erred in reducing the defendant's sentence based upon his prison deportment.  See Grady, 962 A.2d at 42 n.4; Calise, 900 A.2d at 1169.

## IV

### Conclusion

For the reasons stated in this opinion, we quash the Superior Court's judgment modifying the defendant's term to serve.  The record in this case may be remanded to the Superior Court with our decision endorsed thereon.

---

[6]  We note that the waiver of one's right to file a motion to reduce sentence (in connection with a disposition by a plea) is not embodied in a statute or a rule of court and that that issue, given our disposition of this case, need not be addressed.



**TITLE OF CASE:**          State v. Kenneth W. Keenan.

**CASE NO:**          No. 2011-265-M.P.
          (P2/07-3944A)

**COURT:**          Supreme Court

**DATE OPINION FILED:**          June 26, 2013

**JUSTICES:**          Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**          Associate Justice William P. Robinson III

**SOURCE OF APPEAL:**          Providence County Superior Court

**JUDGE FROM LOWER COURT**:

          Associate Justice Daniel A. Procaccini

**ATTORNEYS ON APPEAL:**

          For State:  Aaron L. Weisman
                    Department of Attorney General

          For Defendant:  Lara E. Montecalvo
                    Office of the Public Defender